IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MYRON ATRICE PAYNE,

    Petitioner,                No. 2:10-cv-02677 KJN P

    vs.

DERRAL G. ADAMS, Warden, et al.,

    Respondents.         ORDER

                           /

        Petitioner, a state prisoner at California State Prison-Corcoran ("CSPC"), proceeding without counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  However, because it is unclear whether petitioner's pleading was properly framed as a petition for writ of habeas corpus, rather than a civil rights complaint, and the filing costs associated with each pleading are different, the court will defer ruling on the application to proceed in forma pauperis.  See 28 U.S.C. § 1915(a).

        Review of the petition indicates that amendment is necessary.  At least some of petitioner's claims appear to challenge the conditions of his confinement, rather than the fact of

1

his conviction or the duration of his confinement. Only the latter matters may be pursued in a petition for writ of habeas corpus. See 28 U.S.C. § 2254. Federal claims challenging conditions of confinement must be brought in a separate action pursuant to the Civil Rights Act, 42 U.S.C. § 1983. Petitioner names several parties (possible defendants), although the only proper respondent in a petition for writ of habeas corpus is the state officer having custody of petitioner (the warden of the prison in which petitioner is currently incarcerated). See 28 U.S.C. § 2254; Rule 2(a), Rules Governing § 2254 Cases; Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir.1994). Here, petitioner makes allegations against correctional staff at High Desert State Prison ("HDSP"), although petitioner is currently incarcerated at CSPC.

Petitioner lists six claims ("grounds") in support of his petition, which include the following (this summary is not exhaustive):

(1) that HDSP correctional counselor Spader and correctional captain Ingwerson, together with correctional counselor Barnard, Chief Deputy McDonald, and Facility Captain/Appeal Examiner Pimental, acting in retaliation and in violation of petitioner's rights to due process, equal protection, and to be free of cruel and unusual punishment, denied petitioner a transfer to "a less restrictive, non-adverse institution," resulting in petitioner's continued placement at HDSP under adverse conditions (Dkt. No. 1, at 7-12);

(2) that HDSP correctional officers Cottrell and Hartsock filed a false disciplinary report against petitioner, and then, at the rules violation report ("RVR") hearing in September 2007, HDSP correctional lieutenant Marshall denied petitioner his right to call witnesses and found petitioner guilty based upon inadequate evidence, resulting in petitioner's loss of time credits, and violating petitioner's due process rights;[1]

(3) that, in response to petitioner's administrative grievance challenging the September 2007 RVR process and result, HDSP correctional counselor Chapman, acting in concert with Chief Deputy McDonald, conducted an inadequate investigation of petitioner's grievance, while Facility Captain/Appeal Examiner Pimental, together with Chief Inmate Appeals Officer Grannis, failed to provide an adequate and meaningful investigation and review of petitioner's grievance, in denial of petitioner's due process rights;

(4) that the HDSP appeals coordinator violated petitioner's First

---

[1] Some of these allegations are repeated in petitioner's "Ground Three."

2

Amendment rights, and Fourteenth Amendment due process and equal protection rights, by failing to process petitioner's citizen complaints and administrative grievances;

(5) that HDSP correctional officer Barron filed a false disciplinary report against petitioner in February 2008, in violation of petitioner's rights to due process, equal protection, and to be free from cruel and unusual punishment; and

(6) that the HDSP appeals coordinator violated petitioner's First Amendment, Eighth Amendment, and Fourteenth Amendment due process rights by failing to file petitioner's administrative grievances submitted February to June 2008.

Petitioner seeks miscellaneous relief, including the issuance of a writ of habeas corpus, reversal of petitioner's disciplinary conviction and its expungement from petitioner's file, restoration of privileges, and restoration of time credits. Petitioner also seeks an evidentiary hearing and requests appointment of counsel. While petitioner does not seek damages, suggesting that he does not seek to state a civil rights claim pursuant to a Section 1983, the substance of each "ground" appears to reflect civil rights allegations. On the other hand, an action seeking restoration of time credits forfeited as a result of a prison disciplinary conviction may not proceed under Section 1983 unless such conviction has been invalidated, expunged or reversed; thus it must, as presented here, proceed in habeas corpus. See Edwards v. Balisok, 520 U.S. 641, 643 (1997); Heck v. Humphrey, 512 U.S. 477, 486 (1994). Petitioner has attached copies of orders issued by the Superior Court, the California Court of Appeal, and the California Supreme Court, each denying petitioner's petition for writ of habeas corpus. While these attachments support reading the instant pleading as a petition for writ of habeas corpus, based on the requirement that a petitioner first exhaust state court remedies, Rose v. Lundy, 455 U.S. 509 (1982), the last reasoned court decision (by the Superior Court) found that several of petitioner's claims did not lie in habeas relief. See Dkt. No. 1, at 94-95.

For the foregoing reasons, the court will grant petitioner leave to file an amended pleading, framed either as an amended petition for writ of habeas corpus or as a civil rights complaint. If petitioner chooses to file an amended petition for writ of habeas corpus, he must

3

1  name a single, proper, respondent, clearly specify his alleged grounds for relief, and narrowly and
2  specifically identify the relief he seeks.[2]  See Rule 2(c), Rules Governing § 2254 Cases.
3  However, if petitioner chooses to file a civil rights complaint, pursuant to which he may seek
4  damages as well as injunctive relief (although petitioner may not therein seek injunctive relief
5  related to the duration of his confinement, i.e. the revocation of time credits), he must identify as
6  defendants only persons who personally participated in a substantial way in allegedly depriving
7  him of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a
8  person subjects another to the deprivation of a constitutional right if he does an act, participates
9  in another's act, or omits to perform an act that he is legally required to perform, thus causing the
10 alleged deprivation).  Claims must be set forth in short and plain terms, simply, concisely and
11 directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting
12 point of a simplified pleading system, which was adopted to focus litigation on the merits of a
13 claim"); Fed. R. Civ. P. 8.  The complaint must identify the specific relief sought.  In addition,
14 petitioner must demonstrate that he has exhausted such administrative remedies as are available
15 to him.  42 U.S.C. § 1997e(a); Booth v. Churner, 532 U.S. 731, 741 (2001).
16         Finally, if petitioner chooses to file herein an amended petition for writ of habeas
17 corpus, he is not precluded from filing a new and *separate* civil rights action premised on those
18 matters for which he has exhausted his administrative remedies.
19         In accordance with the above, IT IS HEREBY ORDERED that:
20         1.  The court defers consideration of petitioner's application to proceed in forma
21 pauperis;
22         2.  The petition for writ of habeas corpus is dismissed;

---

[2] The court does not seek to "make work" for petitioner -- if petitioner chooses to present the same claims in an amended petition for writ of habeas corpus, he may recaption the title page of his current petition as an "Amended Petition for Writ of Habeas Corpus" and resubmit the petition as an attachment to a newly completed form petition, provided with this order.  Petitioner may, alternatively, file a new "Amended Petition" that addresses the concerns set forth in this order.

3. The Clerk of Court is directed to send petitioner the forms used by prisoners in this district for filing (1) a petition for writ of habeas corpus, and (2) a civil rights complaint.

4. Petitioner shall, within thirty days after service of this order, complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. An amended pleading, prefaced by one of the forms provided herein by the Clerk of Court, and clearly designated either an Amended Petition for Writ of Habeas Corpus or a Civil Rights Complaint pursuant to 42 U.S.C. § 1983.

SO ORDERED.

DATED: January 12, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

payn2677.114.scrn.kjn

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MYRON ATRICE PAYNE,

      Petitioner,              No. 2:10-cv-02677 KJN P

     vs.

DERRAL G. ADAMS, Warden,

et al.,                          NOTICE OF SUBMISSION

      Respondents.        OF DOCUMENTS

_____ /

      Plaintiff hereby submits the following document in compliance with the court's order filed _____:

      _____    Amended Petition for Writ of Habeas Corpus

      <u>OR</u>

      _____    Civil Rights Complaint pursuant to 42 U.S.C. § 1983.

_____              _____
Date                                                      Plaintiff