1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MYRON ATRICE PAYNE,

11            Petitioner,              No. 2:10-cv-02677 LKK KJN P

12        vs.

13   DERRAL G. ADAMS, Warden,
     et al.,
14
              Respondents.        FINDINGS AND RECOMMENDATIONS
15   _____/

16

17            Petitioner is a state prisoner, proceeding without counsel and in forma pauperis,

18   with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court

19   is respondent's motion to dismiss the petition.  Petitioner filed an opposition; respondent did not

20   file a reply.  For the following reasons, the court recommends that respondent's motion be

21   granted.

22   I.  Background

23            Petitioner filed his initial federal petition for a writ of habeas corpus in this court

24   on October 1, 2010.  By order filed January 13, 2011, the undersigned dismissed the petition,

25   with leave to file an amended petition for writ of habeas corpus, or a civil rights action.  The

26   court noted in pertinent part:

1

1
2
3
4
5
6
7

> Review of the petition indicates that amendment is necessary. At least some of petitioner's claims appear to challenge the conditions of his confinement, rather than the fact of his conviction or the duration of his confinement. Only the latter matters may be pursued in a petition for writ of habeas corpus. See 28 U.S.C. § 2254. Federal claims challenging conditions of confinement must be brought in a separate action pursuant to the Civil Rights Act, 42 U.S.C. § 1983. . . . If petitioner chooses to file an amended petition for writ of habeas corpus, he must name a single, proper, respondent, clearly specify his alleged grounds for relief, and narrowly and specifically identify the relief he seeks. See Rule 2(c), Rules Governing § 2254 Cases.

8 (Dkt. No. 6 at 1-4 (fn. omitted).)

9        In the court's initial order, the undersigned sought to clarify each of petitioner's

10 claims, and to inform petitioner of the considerations for assessing whether his claims were

11 based in habeas corpus or civil rights. The court emphasized that petitioner's charges against

12 myriad prison officials, based the alleged improper conduct of each official, appeared to lie in

13 civil rights. The court noted, however, that it did "not seek to 'make work' for petitioner -- if

14 petitioner chooses to present the same claims in an amended petition for writ of habeas corpus,

15 he may recaption the title page of his current petition as an 'Amended Petition for Writ of Habeas

16 Corpus,' and resubmit the petition as an attachment to a newly completed form petition, provided

17 with this order. Petitioner may, alternatively, file a new 'Amended Petition' that addresses the

18 concerns set forth in this order." (Dkt. No. 6 at 4 n.2.)

19        Thereafter, petitioner filed an "Amended Petition" that duplicated his original

20 petition. The court so noted, when it directed service of the amended petition on respondent.

21 (See Dkt. No. 8 at 1 n.1.) Because each of petitioner's six claims is so disparate, the court

22 addresses them ad seriatim.

23 II. Legal Standards

24        In order to state a cognizable claim in a federal habeas corpus action, the

25 petitioner must assert that he is "in custody in violation of the Constitution or laws or treaties of

26 the United States." 28 U.S.C. § 2254(a). The "in custody" requirement requires a nexus between

2

the petitioner's habeas claim and the allegedly unlawful nature of his custody.  <u>Bailey v. Hill</u>, 599

F.3d 976, 978-80 (9th Cir. 2010).  To be cognizable, a habeas claim must challenge the fact or

duration of the petitioner's custody.  <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 487 (1973).  A federal

habeas claim must be brought within the one-year statute of limitations set forth in the

Antiterrorism and Effective Death Penalty Act ("AEDPA").  28 U.S.C. § 2244.

III.  <u>Discussion</u>

   In his opposition, petitioner asserts that "the demarcation line between civil rights

actions and habeas petitions is not always clear."  (Dkt. No. 18 at 18.)  As a result, opines

petitioner, "it is more pertinent that both actions serve to protect basic constitutional rights" and,

therefore, it is "futile to contend that the Civil Rights Act of 1871 has less importance in our

Constitution[al] scheme than does the Great Writ."  (<u>Id.</u> at 18-19).  Significantly, the discretion

petitioner attributes to the court--for example, to find a patent civil rights claim cognizable in a

habeas proceeding because it would "serve to protect basic constitutional rights"--does not exist.

The court, like petitioner, is bound by established legal principles.

   The court further notes that petitioner is currently incarcerated at California State

Prison-Corcoran ("CSP-COR"), his place of incarceration since petitioner filed his initial petition

in this action.  However, all of petitioner's claims challenge matters that allegedly occurred at

High Desert State Prison ("HDSP").

 A.  <u>Claim One</u>

   In his first claim, petitioner contends that when he was incarcerated at HDSP,

correctional counselor Spader and correctional captain Ingwerson, together with correctional

counselor Barnard, Chief Deputy McDonald, and Facility Captain/Appeal Examiner Pimental,

denied petitioner's request for a transfer to a prison closer to his family, based on the hardships

associated with HDSP's remote location, and petitioner's mental illness.  Petitioner asserts that

the challenged conduct of these HDSP staff members was racially motivated, retaliatory, and in

violation of petitioner's rights to due process, equal protection, and to be free of cruel and

1    unusual punishment.

2           As respondent correctly contends, this claim is not cognizable in habeas corpus

3    because it does not challenge the fact or duration of petitioner's confinement, only the place of

4    petitioner's confinement.[1]  Preiser, 411 U.S. at 487.

5           B.  Claim Two

6           Petitioner next contends that his due process rights were violated by HDSP

7    correctional officers Cottrell and Hartsock, who allegedly filed a false disciplinary report against

8    petitioner; and by HDSP correctional lieutenant Marshall who, at the resulting disciplinary

9    hearing in September 2007, denied petitioner his right to call witnesses and found petitioner

10   guilty based upon inadequate evidence.  Petitioner states, at the conclusion of his petition, that he

11   seeks "reversal" of the disciplinary conviction, and restoration of time credits.  (Dkt. No. 7 at 24.)

12   Petitioner sought the same relief in his administrative challenge to the disciplinary conviction.

13          As respondent contends, this claim, even if properly framed, is time-barred.

14   AEDPA's one-year statute of limitations applies "even if the petition challenges a pertinent

15   administrative decision rather than a state court judgment."  Shelby v. Bartlett, 391 F.3d 1061,

16   1063 (9th Cir. 2004).  When a habeas petitioner challenges an administrative decision, 28 U.S.C.

17   § 2244(d)(1)(D) governs the date on which the statute of limitations begins to run ("the date on

18   which the factual predicate of the claim or claims presented could have been discovered through

19   the exercise of due diligence").  Thus, when a petitioner is challenging a prison disciplinary

20   conviction, the statute of limitations begins to run when petitioner's final administrative appeal

21

22          [1] Similarly, this contention does not present a viable civil rights claim.  Not only does the
     issue appear to be moot, given petitioner's current incarceration at CSP-COR, but prison officials
23   have broad authority to hold a prisoner at a particular institution, or to transfer a prisoner to
     another institution.  Meachum v. Fano, 427 U.S. 215 (1976); Montanye v. Haymes, 427 U.S. 236
24   (1976).  "[A] prisoner's liberty interests are sufficiently extinguished by his conviction that the
     state may generally confine or transfer him to any of its institutions, indeed, even to a prison in
25   another state, without offending the Constitution."  Bravo v. Hewchuck, 2006 WL 3618023, *1
     (N.D. Cal. 2006) (citations omitted); see also Olim v. Wakinekona, 461 U.S. 238, 245-246
26   (1983) (interstate prison transfer does not, standing alone, implicate Due Process Clause).

4

1  on the matter was denied.  Shelby, 391 F.3d at 1066.

2          In the present case, the final decision on petitioner's administrative challenge to

3  his prison disciplinary conviction was issued on February 29, 2008.  (Dkt. No. 7 at 55.)  Thus,

4  AEDPA's one-year limitation period commenced the following day, on March 1, 2008.  See

5  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a) ("exclude

6  the day of the event that triggers the period")).  However, as petitioner concedes (Dkt. No. 18 at

7  7), he waited until April 26, 2009, more than one year later, to commence his first state court

8  challenge to his 2007 disciplinary conviction.[2]  (Dkt. No. 17-1 at 30.)  When petitioner

9  commenced exhausting his state court remedies, the one-year statute of limitations for filing his

10  federal habeas petition had already expired.  28 U.S.C. § 2244(d)(1)(D); Ferguson v. Palmateer,

11  321 F.3d 820, 823 (9th Cir. 2003) (AEDPA's limitations period continues to run in the absence

12  of statutory tolling by a timely-filed state habeas petition).  This rule applies even when the state

13  statute of limitations is longer than the federal statute of limitations.  Ferguson , 321 F.3d at 823.

14  Petitioner's assertion, in opposition, that the 359-day period between the California Supreme

15  Court's denial of petitioner's state habeas petition (on September 30, 2009), and petitioner's

16  filing of his federal habeas petition in this court (on September 24, 2010), accorded "a cushion of

17  six days as to the one-year AEDPA time line" (Dkt. No. 18 at 8), is therefore inapposite.

18  Accordingly, petitioner's due process claim premised on his 2007 disciplinary conviction is time-

19  barred.

20          C.  Claim Three

21          In his third claim, petitioner contends that his due process rights were violated by

22  the failure of HDSP correctional counselor Chapman, HDSP Chief Deputy McDonald, HDSP

23  Captain/Appeal Examiner Pimental, and Chief Inmate Appeals Officer Grannis, to conduct an

24  ───────────────

25          [2]  See Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts
(filing date is date of deposit in institution's internal mailing system); Houston v. Lack, 487 U.S.
266 (1988) (applying "mailbox rule" to establish filing date of habeas appeal as date of delivery
26  to prison authorities).

1  adequate investigation and review of petitioner's 2007 disciplinary charge.  For the reasons stated

2  above, this claim is not cognizable in habeas and, even if it were, it would be time-barred.[3]

3        D.  Claim Four

4            Petitioner's fourth claim is that the HDSP appeals coordinator violated

5  petitioner's First Amendment rights, and Fourteenth Amendment due process and equal

6  protection rights, by failing to process petitioner's citizen complaints and administrative

7  grievances concerning his 2007 disciplinary charge.  While this claim may be actionable in a

8  timely-filed civil rights action,[4] it is not cognizable in habeas and, for the reasons stated above,

9  would otherwise be time-barred.

10       E.  Claim Five

11           In his fifth claim, petitioner contends that HDSP correctional officer Barron filed

12  a false disciplinary charge against petitioner in February 2008, in violation of petitioner's rights

13  to due process, equal protection, and to be free from cruel and unusual punishment.  Petitioner

14  asserts that, as a result, he was "unlawfully placed in administrative segregation, and [the charge]

15  resulted in the unlawful taking of my prison job ([for] which K. Barron was supervisor), my A1A

16  privilege group--credit earning status, and the deprivation of my personal and legal property, but

17  most importantly my 'liberty interests.'"  (Dkt. No. 7 at 20.)  Petitioner asserts neither that this

18  challenged conduct resulted in a change in the duration of his confinement, or that he exhausted

19  his state court remedies on this claim.  In other words, petitioner provides no basis on which to

20  find that his fifth claim is cognizable in federal habeas.

21  ////

22        [3]  Even if the claim was timely made in a civil rights action, it would likely not be
23  actionable.  "[I]nmates lack a separate constitutional entitlement to a specific prison grievance
    procedure."  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citation omitted).
24
        [4]  An administrative remedy may be "unavailable" for purposes of exhaustion if prison
25  officials do not respond to a properly-filed grievance or otherwise thwart a prisoner's attempts to
    exhaust.  See e.g. Brown v. Valoff, 422 F.3d 926 n.18 (9th Cir. 2005); Nunez v. Duncan, 591
26  F.3d 1217, 1226 (9th Cir.2010).

F. Claim Six

Petitioner's last claim is that the HDSP appeals coordinator violated petitioner's rights under the First, Eighth, and Fourteenth Amendments, by failing to process petitioner's administrative grievances submitted between February and June 2008.  Petitioner asserts that he is  excused from the requirement of administrative exhaustion because the process was "unavailable" to him.  (See n.4, supra.)  However, because this claim challenges neither the fact nor duration of petitioner's confinement, it is not cognizable in a federal habeas proceeding.

IV. Conclusion

Accordingly, for the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1.  Respondent's motion to dismiss (Dkt. No. 17), be granted; and

2.  This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  A certificate of appealability may issue

////

////

////

1   under 28 U.S.C. §2253 "only if the applicant has made a substantial showing of the denial of a

2   constitutional right."  28 U.S.C. § 2253(c)(2).

3   DATED:  January 26, 2012

4

5                                                    _____

6                                                    KENDALL J. NEWMAN
                                                     UNITED STATES MAGISTRATE JUDGE
7   payn2677.mtd.hc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26